IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LANCE L. PARKER,                              :
                                              :
            Plaintiff,                        :
                                              :
      v.                                      : Civil Action No. 22-1317-RGA
                                              :
WARDEN ROBERT MAY,  et al.,                   :
                                              :
            Defendants.                       :

Lance L. Parker, James T. Vaughn Correctional Center, Smyrna, Delaware.
Pro Se Plaintiff.


**<u>MEMORANDUM OPINION</u>**


December 20, 2022
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Lance L. Parker, an inmate at James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.  (D.I. 3).  He appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 6).  Plaintiff requests counsel.  (D.I. 5).  The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint.  *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).  Plaintiff was injured on April 25, 2022 while playing basketball.  (D.I. 3 at 5).  He asked, and was denied, medical attention by unnamed Department of Correction security staff.  (D.I. 3 at 5).  Plaintiff submitted a sick call slip and, using another inmate's wheelchair, was wheeled to "medical" on April 27, 2022 (*Id.*).  The same day, Plaintiff was taken to the emergency room at Kent General Hospital and provided an air boot.  (*Id.*)  The hospital was going to provide Plaintiff a wheelchair and crutches but DOC staff indicated that Plaintiff would be provided the items upon return to JTVCC.  (*Id.*).  Kent General physicians told Plaintiff to follow-up with two or three specialists and to take certain pain medication.  (*Id.* at 6).  DOC security staff took Plaintiff to a physician whom they chose and did not follow the physician's recommendations.  (*Id.*).

When Plaintiff returned to JTVCC, "nothing was provided [except] generic over-the-counter pain meds & 2 ace bandages."  (*Id.*). He did not begin physical therapy until

two months after his injury.  (D.I. 7).  Nor did Plaintiff receive crutches until he was
provided them on June 29, 2022 during physical therapy.  (*Id*. at 6).  Plaintiff has
submitted sick call slips and grievances and, as of October 6, 2022, has yet to see a
neurologist as recommended by multiple physicians.  (*Id*. at 6, 8)   In addition, Plaintiff
has not received  the "proper, recommended, or useful pain and nerve medication", and
he does not have proper braces and support devices.  (*Id*. at 6-7).   Plaintiff spoke twice
to Defendant Robert May, JTVCC Warden, about pain and "not getting the proper
anything & not seeing the specialists."  (*Id*. at 8).

Centurion medical staff constantly told DOC and JTVCC staff that Plaintiff
needed access to a handicap accessible shower.  (*Id*. at 7).  Instead, DOC staff moved
Plaintiff away from the handicap accessible shower, which resulted in Plaintiff slipping in
the regular shower.  (*Id*.).  Eventually Captain Willie Burton moved Plaintiff back to the
handicap accessible shower.  (*Id*.).

On August 22, 2022, Plaintiff submitted sick call slips for mental health care.
(*Id*.).  He saw mental health on August 27, 2022.  (*Id*. at 8).

Plaintiff seeks injunctive relief as well as compensatory and punitive damages.
(*Id.* at 9).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening
provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or
malicious, fails to state a claim upon which relief may be granted, or seeks monetary
relief from a defendant who is immune from such relief."  *Ball v. Famiglio*, 726 F.3d 448,

452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544

3

(2007).  A plaintiff must plead facts sufficient to show that a claim has substantive

plausibility.  *See Johnson v. City of Shelby*, 574 U.S.10 (2014).  A complaint may not

dismissed, however, for imperfect statements of the legal theory supporting the claim

asserted.  *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take

note of the elements the plaintiff must plead to state a claim; (2) identify allegations that,

because they are no more than conclusions, are not entitled to the assumption of truth;

and (3) when there are well-pleaded factual allegations, assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane*

*Constr. Corp*., 809 F.3d 780, 787 (3d Cir. 2016).  Elements are sufficiently alleged when

the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at

679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a

"context-specific task that requires the reviewing court to draw on its judicial experience

and common sense."  *Id.*

## DISCUSSION

**Eleventh Amendment Immunity**.  The DOC and JTVCC are named

defendants.  The DOC is an agency of the State of Delaware and JTVCC falls under the

umbrella of the DOC.  The Eleventh Amendment of the United States Constitution

protects an unconsenting state or state agency from a suit brought in federal court by

one of its own citizens, regardless of the relief sought.  *See Seminole Tribe of Fla. v.*

*Florida*, 517 U.S. 44, 54  (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S.

89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974).  Hence, as an agency of the State

4

of Delaware, the DOC, as well as JTVCC, are entitled to immunity under the Eleventh Amendment. *See, e.g., Evans v. Ford*, 2004 WL 2009362, *4 (D. Del. Aug. 25, 2004).

The DOC and JTVCC are immune from suit and, therefore, they will be dismissed.

**Medical Claims**. Plaintiff's claims rest upon delay or denial of medical care and the type of treatment provided him. Plaintiff raises claims under the Eighth Amendment and negligence under Delaware law.

To the extent Plaintiff raises negligence claims under state law, in Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. See 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. *Bonesmo v. Nemours Foundation*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (cleaned up); 18 Del. C. § 6853. Because Plaintiff alleges medical negligence, at the time he filed the Complaint he was required to submit an affidavit of merit as to each defendant signed by an expert witness. *See* 18 Del. C. §6853(a)(1). Plaintiff failed to accompany the Complaint with an affidavit of merit as required by 18 Del. C. § 6853(a)(1). Accordingly, all medical negligence claims will be dismissed.

As to the medical claims under the Eighth Amendment, a prison official's "deliberate indifference to serious medical needs of prisoners" is a kind of cruel and

5

unusual punishment "proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). *See also Brown v. Plata*, 563 U.S. 493, 511 (2011) (when a prison deprives a prisoner of adequate medical care, courts have a responsibility to remedy the resulting Eighth Amendment violation); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (under the Eighth Amendment, prisons officials must ensure inmates receive adequate medical care).

In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if the official knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. at 837. A "prison official may manifest deliberate indifference by intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05. A "failure to provide adequate care . . . [that] was deliberate, and motivated by non-medical factors" is actionable under the Eighth Amendment, but "inadequate care [that] was a result of an error in medical judgment" is not. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).

In addition, a prisoner does not have the right to choose a specific form of medical treatment. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (citing *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis

6

and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf.  *Estelle v. Gamble*, 429 U.S. at 107.  In addition, allegations of medical malpractice are not sufficient to establish a constitutional violation.  *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986).

When a plaintiff relies upon a theory of respondeat superior to hold a corporation such as Defendant Centurion liable, the plaintiff must allege a policy or custom that demonstrates such deliberate indifference.  *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992).  In order to establish that Centurion is directly liable for the alleged constitutional violations, Plaintiff "must provide evidence that there was a relevant [Centurion] policy or custom, and that the policy caused the constitutional violations plaintiff alleges]."  *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003).

As pled, the allegations fail to state cognizable medical needs claims under the Eighth Amendment.  Plaintiff has received medical care.  He alleges that he was injured and two days later he was taken to the prison infirmary and then the hospital for treatment.  He was seen for follow-up by a physician as recommended, but not a physician to his liking.  He receives pain medication, albeit not that recommended by the hospital.  He received physical therapy and crutches. And he has received mental health care

Plaintiff complained to Warden May about his care.  The Court of Appeals for the Third Circuit has concluded, however, that prison administrators cannot be deliberately

indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d at 69.  "If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands" *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (discussing *Durmer*, 991 F.2d at 69). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.* at 236.  Hence, the claim against Warden May fails.

Plaintiff has not alleged there was a relevant Centurion policy or custom, and that the policy caused the constitutional violations plaintiff claims.  Therefore, the claim against Centurion fails.  Plaintiff alleges that DOC staff, JTVCC staff, and Centurion staff violated his rights but does not name the individuals responsible for the wrongdoing.  With more facts, perhaps he could state claims against them.  Finally, Plaintiff alleges that to date he has not been seen by a neurologist.  This could possibly state a claim if alleged with more supporting facts.

The § 1983 claims will be dismissed for failure to state claims upon which relief can be granted and for naming defendants who are immune from suit.  Because it is possible that Plaintiff may be able to state cognizable claims against defendants who are not immune from suit, he will be given leave to amend.

**Request for Counsel**.  Plaintiff requests counsel.  (D.I. 5).  Plaintiff states that counsel is necessary since certain evidence cannot be obtained because he is

incarcerated, he is taking mental health medications, he is deemed seriously mentally ill, he has "so many mental health illnesses that [he does] not understand & cannot grasp the talk or language of civil law," and he does not "have the knowledge or resources of counsel."  (D.I. 5 at ¶¶ 1, 7).  Plaintiff also seeks counsel on the grounds that he is limited in his ability to present the case considering his education, literacy, experience, and incarceration, the legal issues are complex, he does not have the ability to pursue an investigation, he does not have the ability to retain counsel on his own behalf, and the case will  require credibility determinations and/or expert testimony. (*Id*. at ¶¶ 2-6).

Federal Rule of Civil Procedure 17(c)(2) provides, "The court must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action."  The United States Court of Appeals for the Third Circuit has determined that the district court has a responsibility to inquire *sua sponte* under Rule 17(c)(2) whether a *pro se* litigant is incompetent to litigate his action and is, therefore, entitled to either appointment of a guardian ad litem or other measures to protect his rights.  *See Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012).

The Court considers whether Rule 17(c) applies "[i]f a court [is] presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court receive[s] verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent."

9

*Powell*, 680 F.3d at 307.  The court "need not inquire *sua sponte* into a pro se plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity." *Id.*  The decision whether to appoint a guardian ad litem rests with the sound discretion of the district court. *Id.*

In the instant action, Plaintiff makes bald allegations of mental illness.  He has not submitted any verifiable evidence of incompetence to this Court.  Thus, this Court has no duty to conduct a *sua sponte* determination of competency under Rule 17(c)(2).  Nevertheless, in the interests of justice, the Court will reconsider should Plaintiff submit evidence sufficient to show that he lacks mental competence.

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1]  *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law.  *Tabron*, 6 F.3d at 155.  After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel.  Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the

---

[1]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

10

complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony.  *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.  The list is not exhaustive, nor is any one factor determinative.  *Tabron*, 6 F.3d at 157.

After reviewing Plaintiff's request, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted.  To date, the filings in this case demonstrate Plaintiff's ability to articulate his claims and represent himself. Moreover, at this time there is not an operative complaint, all claims having been dismissed.  Thus, in these circumstances, the Court will deny without prejudice to renew Plaintiff's request for counsel.

## CONCLUSION

For the above reasons, the Court will: (1) deny without prejudice to renew Plaintiff's request for counsel; (2) dismiss the Delaware Department of Correction and James T. Vaughn Correctional Center as immune from suit; and (3) dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii) and 28 U.S.C. § 1915A(b)(1) & (2).

Plaintiff will be given leave to amend.

An appropriate Order will be entered.

11