## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LANCE L. PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1317 (JLH) |
| | ) | |
| C/O HENRY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER

At Wilmington this 10th day of June, 2024, having considered the motion to dismiss filed by Defendants Dolan and Lafayette (D.I. 37), as well as Plaintiff's requests for appointed counsel (D.I. 25, 39) and requests for the entry of default (D.I. 27, 34);

IT IS HEREBY ORDERED:

1.      The motion to dismiss filed by Defendants Dolan and Lafayette (D.I. 37) is **DENIED**.

2.      Plaintiff's requests for appointed counsel (D.I. 25, 39) are **DENIED** without prejudice to renew.

3.      Plaintiff's requests for the entry of default (D.I. 27, 34) are **DENIED**.

4.      Defendants Dolan and Lafayette are directed to file an Answer within twenty-one (21) days of the date of this Order.

Plaintiff Lance L. Parker proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6.) On June 20, 2023, the Court screened the Amended Complaint, identified what appeared to be cognizable and non-frivolous claims within the meaning of 28 U.S.C. § 1915A(b), and entered a service order. (D.I. 22.)

The legal standard used when screening cases for failure to state a claim pursuant to § 1915A(b)(1) is identical to the Rule 12(b)(6) dismissal standard. *See Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (citing *De'lonta v. Johnson*, 708 F.3d 520, 524 (4th Cir. 2013), and *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).   Nothing has changed since the Amended Complaint was screened.   In addition, the Court must liberally construe the Amended Complaint.   *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   The Court has nevertheless considered the arguments of Dolan and Lafayette and concludes that the allegations contained in the Amended Complaint are sufficient to withstand the motion to dismiss.[1]

The Honorable Jennifer L. Hall
United States District Judge

---

[1] Defendants Dolan and Lafayette argue that the alleged delays in medical treatment can be explained by issues arising during the COVID-19 pandemic. Notably, however, all of the cases upon which Defendants Dolan and Lafayette rely for support either involved summary judgment motions, motions seeking preliminary injunctive relief, or motions to dismiss complaints containing allegations about COVID-19 policies. These categories of cases are all inapposite at this stage of the proceedings and given the absence of allegations in the Amended Complaint concerning COVID-19 policies.

Defendants Dolan and Lafayette also argue that the Court should dismiss Plaintiff's state law medical negligence claims. The Court does not interpret Plaintiff's pleading to raise such claims, and Plaintiff confirmed that he is not asserting such claims. (D.I. 41 at 6–7.)